UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES H. CARNER, III, | CASE NO. C07-1646-JLR-MAT |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL AND STRIKING PLAINTIFF'S OFFER OF JUDGMENT |
| DR. BEN SANDERS, | |
| Defendant. | |

Plaintiff, a Washington state prisoner proceeding *pro se* in this civil rights action, has filed a request for counsel (Dkt. No. 30) and an "offer of judgment" pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"). (Dkt. No. 32). Having reviewed the request for counsel and the offer of judgment, and the balance of the record, the Court hereby finds and ORDERS as follows:

(1) There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability

ORDER DENYING PLAINTIFF'S REQUEST FOR
COUNSEL AND STRIKING PLAINTIFF'S OFFER OF
JUDGMENT
PAGE -1

of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself. Plaintiff refers in his request for counsel to his confusion over the deadlines imposed by the Court for discovery. (Dkt. No. 26). However, confusion by a *pro se* party over a procedural matter is insufficient to warrant appointment of counsel. Accordingly, plaintiff has not demonstrated that this case involves exceptional circumstances and his request for counsel (Dkt. No. 30) is DENIED.

(2) Rule 68(a) provides that " *a party defending against a claim* may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a) (emphasis added). Plaintiff has apparently misread this rule to apply to him, even though he is not "a party defending against a claim." Accordingly, because Rule 68 does not apply to him, his offer of judgment is not properly before the Court. The Clerk shall therefore STRIKE plaintiff's offer of judgment. (Dkt. No. 32).

(3) The Clerk shall send a copy of this Order to plaintiff, to counsel for defendant, and to the Honorable James L. Robart.

DATED this 16th day of June, 2008.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S REQUEST FOR
COUNSEL AND STRIKING PLAINTIFF'S OFFER OF
JUDGMENT
PAGE -2