03

04

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

05  JAMES H. CARNER, III,                    )    CASE NO. C07-1646-JLR
                                            )
06          Plaintiff,                       )
                                            )
07      v.                                   )    REPORT AND RECOMMENDATION
                                            )
08  DR. BEN SANDERS,                         )
                                            )
09          Defendant.                       )
    _____ )

10

11                            INTRODUCTION

12          This is a *pro se* civil rights action under 42 U.S.C. § 1983.  Plaintiff is a state prisoner who

13  was formerly confined in the King County Jail in Seattle and Kent, Washington ("Jail").  He

14  alleges that Dr. Ben Sanders, Medical Director of the Jail, denied him interferon treatment for

15  plaintiff's hepatitis C infection in violation of his constitutional rights.  Plaintiff seeks declaratory

16  relief, monetary damages, and injunctive relief in the form of the treatment he believes is necessary

17  for his hepatitis C infection.[1]  Defendant Dr. Sanders has filed a motion for summary judgment

18  (Dkt. No. 33), to which plaintiff has filed a response (Dkt. No. 42).  The Court, having considered

19  the briefs of the parties, concludes that defendant's motion for summary judgment should be

20  _____

21          [1] Plaintiff is currently incarcerated in the Washington State Penitentiary in Walla Walla,
    Washington and it is unclear from the record whether he is presently receiving interferon
22  treatment.

REPORT AND RECOMMENDATION
PAGE -1

01 granted and that plaintiff's complaint, and this action, should be dismissed with prejudice.

02 FACTS

03        The essential facts underlying this lawsuit are undisputed. Except for brief periods totaling

04 approximately three months, plaintiff was confined in either the King County Jail in Seattle or the

05 Regional Justice Center in Kent, Washington, for two years, from May 2006 until May 2008.

06 (Dkt. No. 34 at 2). During those two years, plaintiff frequently sought medical care from Jail

07 officials to address two concerns: hepatitis C and a skin rash. (Dkt. No. 36 at 2-6). In reviewing

08 the declaration submitted by Dr. Charissa Fotinos, Chief Medical Officer for King County

09 Department of Public Health, on behalf of defendant, the Court counts approximately 19 times that

10 plaintiff complained of ailments and was seen by Jail medical staff. (*Id*.)

11        According to Dr. Fotinos, approximately 15% to 25 % of people infected with hepatitis

12 C spontaneously recover. ( *Id*. at 6). Of those who do not recover, only 10% to 20% develop

13 advanced scarring of the liver, also known as cirrhosis. (*Id*. at 6-7). Cirrhosis takes 20-30 years

14 to develop. (*Id*.) Approximately 75% of people with hepatitis C show minimal or no symptoms

15 until they reach the level of cirrhosis. (*Id*. at 7).

16        Interferon and ribavirin are the only drugs approved for use against hepatitis C. ( *Id*.)

17 Interferon is administered by three injections a week for 6 to 12 months. However, interferon is

18 not recommended for all patients with hepatitis C. Contraindications include alcohol abuse, which

19 plaintiff admitted on several occasions when he was booked into the Jail. (Dkt. No. 36 at ¶¶ 3,

20 15). The effectiveness of interferon treatment varies. Dr. Fotinos asserts that "[t]here is currently

21 no good evidence that treatment results in decreased mortality from [hepatitis C] infection or its

22 complications." (*Id*. at 8).

REPORT AND RECOMMENDATION
PAGE -2

01    Plaintiff repeatedly sought interferon treatment from Jail officials for his hepatitis C

02  condition.  As a matter of policy, the Jail does not initiate interferon treatment for several reasons.

03  First, standard interferon treatment lasts 48 weeks, which is longer than the average stay at the Jail

04  for most inmates.  (Dkt. No. 36 at 8).  Second, drug or alcohol abuse, which is common among

05  inmates, is a contraindication to interferon treatment.  (*Id*. at 9).  Third, inmates may lack access

06  to health care upon release and be unable to continue the treatment.  Fourth, there is apparently

07  little funding available even for those inmates who are good candidates for the treatment.  (*Id*.)

08    For these policy reasons, the Jail denied plaintiff interferon treatment.  Instead, the Jail

09  offered plaintiff "clinical follow-up," which includes "examination by clinicians, blood tests, and

10  imaging tests as indicated, with special attention to signs of acute disease or decompensation of

11  chronic disease."  (*Id*.)  In September 2006, plaintiff had two blood tests to measure the levels of

12  enzymes in his liver which can be a sign of liver damage.  (Dkt. No. 34 at 3).  Dr. Fotinos

13  concedes that one of the results is consistent with chronic hepatitis, but does not state whether this

14  result is also a sign of liver damage.  (*Id*. at 4).

15    Plaintiff also received medical care numerous times for his rash.  Dr. Fotinos states that

16  plaintiff actually has suffered from three separate rashes, one of which, called "lichen planus," may

17  be associated with hepatitis C.  (*Id*. at 6).  However, only a skin biopsy can confirm the link and

18  one has not been performed.  In addition, interferon treatment may not alleviate the rash.  ( *Id*.;

19  Dkt. No. 46 at 2).

20    On October 10, 2007, plaintiff submitted a proposed civil rights complaint to the Court

21  pursuant to 42 U.S.C. §1983.  (Dkt. No. 1).  The Court found the complaint deficient and granted

22  plaintiff leave to amend.  (Dkt. No. 10).  Plaintiff filed an amended complaint on November 27,

01 2007.  (Dkt. No. 13).  Defendant filed an answer on March 12, 2008, followed by a motion for

02 summary judgment on June 16, 2008.  (Dkt. No. 33).  Plaintiff sought an extension of time to file

03 a response, which the Court granted on August 4, 2008.  (Dkt. No. 39).  Plaintiff filed a response

04 on August 13, 2008.  (Dkt. No. 42).  Defendant filed a reply on August 29, 2008 and the matter

05 is ready for review.

06 <u>DISCUSSION</u>

07 Summary judgment is appropriate when, viewing the evidence in the light most favorable

08 to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the

09 moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact

10 is a fact relevant to the outcome of the pending action.  *See Anderson v. Liberty Lobby, Inc.*, 477

11 U.S. 242, 248 (1986).  Genuine issues of material fact are those for which the evidence is such that

12 "a reasonable jury could return a verdict for the nonmoving party."  *Id.*

13 In response to a properly supported summary judgment motion, the nonmoving party may

14 not rest upon mere allegations or denials in the pleadings, but must set forth specific facts

15 demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the

16 existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of

17 evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.

18 Plaintiff alleges in his § 1983 civil rights complaint that defendant violated his rights under

19 the Eighth Amendment by denying him interferon treatment for hepatitis C. [2]  Section 1983

20 _____

21 [2] Plaintiff was a pretrial detainee at the Jail until the state court entered a judgment against
him on August 18, 2006.  (Dkt. No. 33 at 8, n.1).  Therefore, technically, his claim is based upon
the Due Process Clause for the period from May 11, 2006 until August 18, 2006. *See Carnell v.*

22 *Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).  However, the same standard of "deliberate

01 requires a claimant to prove (1) that a person acting under color of state law (2) committed an act

02 that deprived the claimant of some right, privilege, or immunity protected by the Constitution or

03 laws of the United States. *See Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). There is

04 no dispute here that defendant acted under color of state law. The sole issue is whether

05 defendant's conduct deprived plaintiff of a federally protected right.

06        The Eighth Amendment imposes a duty upon prison officials to provide humane conditions

07 of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that

08 inmates receive adequate medical care. *Id.* In order to establish an Eighth Amendment violation,

09 a prisoner must satisfy a two-part test containing both an objective and a subjective component.

10 The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively

11 "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a

12 sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834. The objective

13 component of an Eighth Amendment claim is "contextual and responsive to 'contemporary

14 standards of decency'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*,

15 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the

16 Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or

17 safety. *Farmer v. Brennan*, 511 U.S. at 834.

18        Plaintiff fails to meet either prong of the Eighth Amendment test. First, plaintiff simply

19 offers no evidence to establish that defendant's alleged wrongdoing was objectively harmful

20 enough to establish a constitutional violation. For example, he does not offer any evidence that

21

22 indifference" applies. *See Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998).

REPORT AND RECOMMENDATION
PAGE -5

01  he falls into the small category of patients with hepatitis C who suffer from cirrhosis of the liver.

02  In his response, plaintiff cites his skin rash, or "physical scarring," as evidence of harm caused by

03  his condition. (Dkt. No. 42 at 2). However, he does not offer any probative evidence of the link

04  between his rash and hepatitis C, and defendant points out that this link is tenuous. (Dkt. No. 46

05  at 2).

06  In addition, plaintiff does not satisfy the subjective component of the Eight Amendment

07  test. The record is devoid of any evidence that defendant demonstrated deliberate indifference to

08  plaintiff's serious medical needs. As noted above, the record establishes that plaintiff was seen

09  approximately 19 times by Jail medical staff over a two-year period. Plaintiff's disagreement with

10  defendant over the proper course of treatment for his condition does not amount to a

11  constitutional violation. A mere difference of opinion as to which medically acceptable course of

12  treatment should be followed does not establish deliberate indifference. *See Sanchez v. Vild*, 891

13  F.2d 240, 242 (9th Cir. 1989). Indeed, this Court has held that a difference of opinion between

14  doctors on whether interferon treatment is advisable does not establish an Eighth Amendment

15  violation. *See Boyd v. Stern*, Case No. C06-360-MJP (W.D. Wash., Order entered May 2, 2007

16  at 2-3); *see also Fleming v. LeFevere*, 423 F. Supp.2d 1064, 1070 (C.D. Cal. 2006) (a prisoner's

17  own opinion that he should receive interferon treatment for hepatitis C, without more, does not

18  create a triable issue of fact).

19  In sum, as plaintiff fails to demonstrate that the alleged wrongdoing was objectively

20  harmful enough to establish a constitutional violation, or that defendant acted with a sufficiently

21  culpable state of mind, defendant is entitled to summary judgment.

22  / / /

REPORT AND RECOMMENDATION
PAGE -6

## CONCLUSION

Based on the foregoing, this Court recommends that defendant's motion for summary judgment be granted. This Court further recommends that plaintiff's complaint, and this action, be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this <u>29th</u> day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge